# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv253

| | |
|---|---|
| DANIEL DIPPEL, | )<br>) |
| Plaintiff, | )<br>) |
| Vs. | )    ORDER<br>) |
| PHILLIPS PRODUCTS, INC., | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the court on Certificates of Initial Attorneys Conference (hereinafter "CIAC") filed by the respective parties, which reflect disagreement as to the nature of the case and the manner in which the action should proceed. Plaintiff contends that this is a state law Wage and Hour case for unpaid severance, while defendant contends that this case is governed by ERISA inasmuch as any provision of severance is allowed and controlled by an employee benefit plan, with ERISA preempting any state law claim.

Review of the pleadings reveals that plaintiff has not moved to remand this action or otherwise challenged the removal which invoked this court's original jurisdiction; likewise, defendant has not moved to dismiss the state law claim in favor of a claim under ERISA. Instead, it appears, the parties have used the CIAC process to raise these issues, which is not appropriate inasmuch as any request for substantive relief must be in the form of a motion. Fed.R.Civ.P. 7(b)(1); L.Cv.R. 7.1. A hearing is also requested in such certificates, which the court will allow; however, the parties

should come prepared to discuss whether (1) this action is governed by ERISA or state law, (2) what is the appropriate standard of review under ERISA, and (3) what if any discovery is allowed in ERISA cases which involve an abuse of discretion standard of review. The parties are advised to review the decision of Honorable Martin Reidinger, United States District Judge, in Parker v. Kraft Foods Global, Inc., 2008 WL 4447005 (W.D.N.C. 2008),[1] which dealt with almost identical issues presented to the court through motions. The court discussed severance benefits and whether they governed by state law or by ERISA, the appropriate standard of review, and the limits of discovery where the standard of review was abuse of discretion. The parties are respectfully advised that Judge Reidinger is likely to be the trial judge in this matter. In advance of such hearing and after consideration of Parker, respective counsel shall meet in an effort to resolve these preliminary matters amicably.

**ORDER**

**IT IS, THEREFORE, ORDERED** that this matter is **CALENDARED** for an initial pretrial conference on Thursday, August 20, 2009, at 2 p.m., Courtroom #2, in Asheville.

Respective counsel shall advise the court not later than 5 p.m. on the day before the hearing as to whether all issues have been resolved concerning the nature of the

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

case, any agreement as to amendment of pleadings, and the breadth of discovery if any.

Signed: August 11, 2009

Dennis L. Howell
United States Magistrate Judge