# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL CASE NO. 1:09cv253

| | |
|---|---|
| DANIEL DIPPEL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PHILIPS PRODUCTS, INC., PHILIPS PRODUCTS )<br>SEVERANCE PLAN for SALARIED EMPLOYEES, )<br>and RONALD MASON, )<br>)<br>Defendants. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court *sua sponte* to set a scheduling order.

On September 9, 2009, the Plaintiff filed an amended complaint in which the only claim for relief is based on the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, *et. seq.* [Doc. 9]. The Defendants have answered the amended complaint and the administrative record has been filed. [Docs. 12,17, 18, 19, & 20]. ERISA cases are normally disposed of without bench trial by motion for summary judgment. As a result, the Court will impose a scheduling order.

The parties have not advised the Court whether mediation is sought. They will be provided an opportunity to do so.

**IT IS, THEREFORE, ORDERED** that on or before fifteen (15) days from entry of this Order, the parties shall advise whether mediation is sought. In the event that the parties seek mediation, they shall also advise the Court of the name of the mediator upon which they have agreed or advise that no such agreement has been reached.

**IT IS FURTHER ORDERED** that in the event mediation is not sought, the Plaintiff may file a motion for summary judgment on or before forty-five (45) days from entry of this Order. The Defendant may file response and/or a cross-motion for summary judgment on or before forty-five (45) days from the filing of the Plaintiff's motion.

Signed: January 7, 2010

Martin Reidinger
United States District Judge