IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:09cv253

| | |
|---|---|
| DANIEL DIPPEL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PHILIPS PRODUCTS, INC., )<br>PHILIPS PRODUCTS SEVERANCE )<br>PLAN FOR SALARIED EMPLOYEES, )<br>and RONALD MASON, )<br>)<br>Defendants. )<br>_____) | MEMORANDUM OF DECISION<br>AND ORDER |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Partial Summary Judgment [Doc. 26] and the Defendants' Cross Motion for Summary Judgment [Doc. 29].

**PROCEDURAL HISTORY**

On July 10, 2009, the Defendant Philips Products, Inc. (Philips) removed this action from the North Carolina Superior Court for Buncombe County on the basis of federal question jurisdiction. [Doc. 1]. On August 20, 2009, the Plaintiff (Dippel) was granted leave to amend his Complaint and the Amended Complaint was filed on September 9, 2009. [Doc. 8; Doc. 9]. In the amendment, Dippel conceded that this action is brought pursuant to the

Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, *et. seq.* [Doc. 9]. He asserted claims for ERISA benefits pursuant to 29 U.S.C. §1132(a)(1)(B) and for interference with ERISA rights pursuant to 29 U.S.C. §1140. [<u>Id</u>.]. The Defendants answered and the administrative record was filed. [Doc. 12, Docs. 17-20].

## STANDARD OF REVIEW

> In [<u>Metropolitan Life Insurance Co. v.</u>] <u>Glenn</u>, [554 U.S. 105, 128 S.Ct. 2343, 2348, 171 L.Ed.2d 299 (2008)], the [Supreme] Court held that judicial review of an ERISA plan administrator's decision is "under a *de novo* standard unless the plan provides to the contrary." But when plan language grants the administrator discretionary authority, review is conducted under the familiar abuse-of-discretion standard. [T]he <u>Glenn</u> Court also held that the administrator's conflict of interest did not change the standard of review from the deferential review, normally applied in the review of discretionary decisions, to a *de novo* review, or some other hybrid standard. Indeed, the Court stated more broadly that the conflict of interest should not lead to "special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict." Rather, a conflict of interest becomes just one of the "several different, often case-specific, factors" to be weighed together in determining whether the administrator abused its discretion.

<u>Carden v. Aetna Life Insurance Co.</u>, 559 F.3d 256, 260 (4th Cir. 2009) (citations omitted).

The Philips Products Severance Plan for Salaried Employees (Plan) provides that the Administrator of the Plan is the Employer (Philips) and the Plan will be managed on behalf of the Administrator by Ronald Mason

(Mason). [Doc. 17, at 1, 5]. The expenses of administering the Plan, including the payment of severance benefits, are to be paid by Philips from its general assets. [Id., at 4]. The Administrator is endowed by the provisions of the Plan with "full power to administer the Plan," including the power "[t]o interpret the Plan" and "[t]o decide all questions concerning the Plan and the eligibility of any person to participate in the Plan." [Id., at 7]. Interpretations of the Plan "made in good faith" are "final and conclusive on all persons claiming benefits under the Plan." [Id.]. Finally, the Plan provided that "[a]ll decisions by the Administrator will be afforded the maximum deference permitted by law." [Id.].

Dippel argues that the words "made in good faith" mean the Administrator has discretionary authority only if he acts in good faith. If he does not do so, Dippel claims this Court is required to review the decision pursuant to a *de novo* standard. Thus, Dippel would have the Court first make a determination of whether the Administrator acted in good faith before determining the appropriate standard of review. He goes on to argue that evidence outside the administrative record should be consulted to determine whether or not the Administrator acted in good faith. According to Dippel, that evidence shows that Philips terminated Dippel in order to avoid paying him the severance pay to which he was entitled under the terms of the Plan. No case

3

law is cited in support of the argument that the words "made in good faith" eliminates discretionary authority.

The district court makes a *de novo* determination of whether the plan documents confer discretionary authority on the administrator; and, if so, the court reviews that exercise for an abuse of discretion. Blackshear v. Reliance Std. Life Ins. Co., 509 F.3d 634, 638 (4th Cir. 2007), *abrogated on other grounds* Williams v. Metropolitan Life Ins. Co., 609 F.3d 622, 630 (4th Cir. 2010). Under the "abuse of discretion" standard, "review is limited to determining whether the interpretation of the plan was reasonable and made in good faith." LaAsmar v. Phelps Dodge Corp. Life, Accidental Death & Dismemberment, 605 F.3d 789, 796 (10th Cir. 2010); *accord*, Dove v. Prudential Ins. Co. of America, 364 Fed.Appx. 461, 464 (10th Cir. 2010). Dippel's interpretation of the use of the phrase "made in good faith" would turn this standard on its head. The Court finds that the phrase "made in good faith" contained within the Plan confers discretionary authority on the Administrator. Majeski v. Metropolitan Life Ins. Co., 590 F.3d 478 (7th Cir. 2009) (language that a "determination by administrator made in good faith shall be conclusive" provided discretionary authority subject to deferential review); *accord*, Brean v. Bd. of Trustees for Chicago Dist. Council, 202 F.3d 272 (7th Cir. 1999), *citing* Exbom v. Central States, Southeast and Southwest

4

Areas Health and Welfare Fund, 900 F.2d 1138, 1142 (7th Cir.1990) (determination made by administrator authorized to interpret plan in good faith equals discretionary authority); Montgomery v. AGC-International Union, 2010 WL 1406566 (D.Or. 2010).

The Glenn Court held that when an employer serves as both the administrator; that is, the evaluator, and the funder; that is, payor, of the Plan, a conflict of interest occurs. Glenn, 554 U.S. at 111-12.

> As it now stands after Glenn, a conflict of interest is readily determinable by the dual role of an administrator or other fiduciary, and courts are to apply simply the abuse-of-discretion standard for reviewing discretionary determinations by that administrator, even if the administrator operated under a conflict of interest. Under that familiar standard, a discretionary determination will be upheld if reasonable. And any conflict of interest is considered as one factor, among many, in determining the reasonableness of the discretionary determination.

Champion v. Black & Decker (U.S.), Inc., 550 F.3d 353, 358-59 (4th Cir. 2008) (citation omitted).

The Court therefore rejects the Plaintiff's argument that *de novo* review is required and will apply the standard enunciated in Glenn. Id.; Feder v. Paul Revere Life Ins. Co., 228 F.3d 518, 522 (4th Cir. 2000) ("We will find discretionary authority in the administrator if the plan's language expressly creates discretionary authority.").

5

## SUMMARY JUDGMENT STANDARD APPLIED TO ERISA

This case is presented to the Court in the procedural posture of a motion for summary judgment, as is often the case in ERISA actions. Bynum v. Cigna Healthcare of North Carolina, Inc., 287 F.3d 305, 311 n.14 (4th Cir. 2002), *abrogated on other grounds* Carden, 559 F.3d 256 (noting that ERISA cases are normally submitted as motions for summary judgment rather than as bench trials).

> Although [the Court considers] summary judgment [motions] in the light most favorable to the non-moving party, [it] must also evaluate a denial of benefits under an abuse of discretion standard when, as here, an ERISA benefit plan vests discretionary authority to make benefit eligibility determinations with the plan administrator. An administrator's decision "will not be disturbed if it is reasonable," even if [this Court] "would have come to a different conclusion independently." A decision is reasonable when it is the "result of a deliberate principled reasoning process and if it is supported by substantial evidence."

Vaughan v. Celanese Americas Corp., 339 Fed.Appx. 320, 322 (4th Cir. 2009), (citations omitted).

The Administrator's decision must also be based on "[s]ubstantial evidence [which] consists of less than a preponderance but more than a scintilla of relevant evidence that 'a reasoning mind would accept as sufficient to support a particular conclusion.'" Whitley v. Hartford Life & Acc. Ins. Co., 262 Fed.Appx. 546, 551 (4th Cir. 2008) (citations omitted); Newport News Shipbuilding and Dry Dock Co. v. Cherry, 326 F.3d 449, 452 (4th Cir. 2003).

The Court will thus review the administrator's decision under the familiar summary judgment procedural scheme pursuant to which

> summary judgment shall be awarded "if the [administrative record] show[s] there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." As the Supreme Court has observed, "this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."

Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003), *certiorari denied* 541 U.S. 1042, 124 S.Ct. 2171, 158 L.Ed.2d 732 (2004) (emphasis in original).

Dippel asks the Court to consider matters outside the administrative record in ruling on the pending motions. "ERISA benefit-denial cases typically are adjudicated on the record compiled before the plan administrator." Denmark v. Liberty Life Assur. Co. of Boston, 566 F.3d 1, 10 (1st Cir. 2009). When a district court reviews a plan administrator's denial of benefits, it may not consider matters outside the administrative record. Id. "The case law makes clear ... that the rule was intended to prevent the courts from looking past the evidence ... considered by the plan administrator[.]" Bass v. TRW Employee Welfare Benefits Trust, 86 Fed.Appx. 848, 851 (6th Cir. 2004). The Court therefore will exclude the matters submitted by the parties which are not contained within the administrative record.

7

## PROCEDURAL FORMALITIES

The Court first addresses the issue of whether the plan administrator properly followed the procedural formalities required by ERISA.

The provisions of the Philips Plan applicable to Dippel[1] provide for severance benefits if a participant in the Plan "suffers a Qualifying Termination" and executes a release to the employer. [Doc. 17, at 2-3]. The phrase "Qualifying Termination" means that the employer terminates the participant's employment but the phrase excludes termination for cause. [Id., at 2]. The parties agree that "cause" is not defined in the Plan.

On February 24, 2009, Dippel was terminated from his employment as the plant manager of Philips' Asheville facility. [Id., at 15-16; Doc. 19-3, at 29]. The Plan provisions state that if severance benefits are not automatically paid to the participant, he may file a claim with the Administrator. [Doc. 17, at 3].

> All disputed claims for benefits under this Plan shall be submitted to the Administrator within sixty (60) days after the Participant's date of termination. Written notice of the decision on each such disputed claim shall be furnished by the Administrator to the Participant within ninety (90) days after receipt of such claim. If the disputed claim is wholly or partially denied, such written notice shall set forth an explanation of the specific findings and conclusions on which such denial is based. A claimant may ... request review by the Administrator of a decision denying the

---

[1] Dippel claims the Court should consider the terms of a plan which would have become effective in the event that Philips was sold. The parties concede that plan never became effective because Philips was not sold and the Court therefore will not consider it.

8

claim. Such a request shall be made in writing and filed with the Administrator within sixty (60) days after delivery to the claimant of written notice of the decision.

[Id., at 3-4].

On April 7, 2009, Dippel submitted a disputed claim through his attorney. [Id., at 10-14]. On April 22, 2009, Philips denied that claim in a letter written by Kimberly Kmentt. [Id., at 8-9]. Kmentt identified herself in the letter as "counsel for Tomkins Industries, Inc." whom she further identified as an "affiliate" of Philips.[2] [Id.]. In that letter, counsel stated:

> Mr. Dippel was terminated from employment for performance issues related to quality problems with the product produced at the plant for which he was responsible. ... [T]here were ongoing quality issues at the plant. For example, since the fall of 2006 ratings for quality reviews range from 36% to 28% out of 100%; these ratings fell from 2006 to 2008. Additionally, the company is experiencing quality issues in the field as a result of the plant's poor performance. Frankly we have been continuously forced to deal with customer quality issues, on a regular basis, due to Mr. Dippel's poor performance as a plant manager. Recently, Mr. Dippel was given a warning dated November 20, 2008; he was advised that if he failed to improve quality of performance at the plant, his employment could be terminated. ... At the February 24th visit, out of 40 pieces of glass inspected, only 6 pieces passed inspection.

---

[2]Dippel argues that it was a procedural irregularity for Mason as the Plan Administrator to fail to perform this initial function. The April 22, 2009 denial, however, was of Dippel's disputed claim; it was not the "full and fair review" by a plan administrator required by ERISA. See, *e.g.*, Crocco v. Xerox Corp., 137 F.3d 105, 106 (2nd Cir. 1998); 29 U.S.C. §1133(2) ("every employee benefit plan shall ... afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.").

[Id.].

It is undisputed that Dippel did not request further review of this decision. It is also undisputed that Philips failed to provide, in this decision, notice of Dippel's right to appeal or otherwise seek review by the Plan Administrator of this initial denial. As counsel for Philips noted:

> Undeniably, the notice of denial does not contain a statement of [Dippel's] right to appeal under the terms of the Plan, nor does it contain a statement that he can submit comments, documents, records, and other information relating to the claim for benefits and to obtain copies of all documents, records, and other information relevant to his claim for benefits.

[Doc. 30, at 19 n.11, *citing* 29 C.F.R. §2560.503-1(g) & (h)].

Because of this omission, Philips argues that remand is appropriate so that a full and fair review may be accomplished. [Doc. 30, at 19-20]. Dippel, on the other hand, claims the procedural irregularities require this Court to invoke a *de novo* review and to give him substantive relief.

The regulations implementing ERISA provide in pertinent part:

> [T]he plan administrator shall provide a claimant with written ... notification of any adverse benefit determination. ... The notification shall set forth, in a manner calculated to be understood by the claimant - (i) The specific reason or reasons for the adverse determination; (ii) Reference to the specific plan provisions on which the determination is based; (iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; (iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring

> a civil action under section 502(a) of the Act following an adverse benefit determination on review[.]

29 C.F.R. §2560.503-1(g).

As noted, Philips concedes that the denial letter sent to Dippel failed to comply these provisions. Philips also argues, inconsistently, that Dippel's failure to appeal constitutes a failure to exhaust his administrative remedies. [Doc. 30, at 9 n.6].

> In the case of the failure of a plan to ... follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

29 C.F.R. §2560.503-1(l).

Thus, while this regulation clearly allowed Dippel to initiate this action, he argues that Philips' procedural failures show that it failed to properly review his claim, thus triggering an award of severance benefits. As previously noted, Philips asserts that its procedural omissions should result in a remand for reconsideration.

"'[W]here the problem is with the integrity of the plan's decision-making process, rather than that a claimant was denied benefits to which he was clearly entitled,'" remand to the plan administrator is the appropriate remedy. Helfman v. GE Group Life Assur. Co., 573 F.3d 383, 396 (6th Cir. 2009).

11

"There is no question that this court has the power to remand to the claims administrator[.]" Elliott v. Metropolitan Life Ins. Co., 473 F.3d 613, 621 (6th Cir. 2006). "Where there has been a problem in a plan administrator's decision making process, but it is not clear that the plan participant is entitled to benefits, the appropriate remedy is to remand" for a "full and fair inquiry." Blajei v. Sedgwick Claims Management Services, Inc., 721 F.Supp.2d 584, 611 (E.D.Mich. 2010), *citing* Helfman, supra. Thus, even when the failure to properly follow the decision-making process is deemed an exhaustion of administrative remedies, the issue is whether it is clear that the plan participant is entitled to the benefits. Here, the Court has reviewed the administrative record filed by the parties and concludes the record does not show that Dippel was "clearly entitled" to severance benefits.

> ERISA requires that every employee benefit plan "provide adequate notice in writing to any participant or beneficiary whose claim for benefits ... has been denied, setting forth the specific reasons for such denial." 29 U.S.C. §1133 (2008). The Plan must further "afford a reasonable opportunity to any participant whose claim benefits has been denied a full and fair review by the appropriate named fiduciary of the decision denying the claim." Id. ... Without this opportunity to make a meaningful administrative record, courts could not properly perform the task of reviewing such claims, a specific function entrusted to the courts by ERISA. ... Procedural guidelines are at the foundation of ERISA and "full and fair review must be construed ... to protect a plan participant from arbitrary or unprincipled decision-making."
> ...
> [There is] no provision in ERISA, or otherwise, which would permit

the district court, by judicial fiat, to abrogate and nullify a claimant's validly existing statutory entitlements under ERISA.

Gagliano v. Reliance Standard Life Insurance Co., 547 F.3d 230, 235-36 (4th Cir. 2008), *certiorari denied* 129 S.Ct. 2735, 174 L.Ed.2d 247 (2009) (citations omitted). Moreover, an administrator's claim that it substantially complied with the statute and implementing regulations, as opposed to providing a clear notice of the right to appeal, will not avoid remand. Id., at 237-38.

Here, the parties agree that Philips did not provide a written decision to Dippel which complied with the regulation because the determination completely failed to give notice of his right to appeal. Neither party argues that Philips substantially complied with ERISA's appeal procedures. As such, Philips failed to comply with the procedural requirements of ERISA. Gagliano, 547 F.3d at 237.

The next issue, then, is the appropriate remedy for this procedural violation of ERISA. Id. Dippel argues that remand would be futile because Philips went out of business in June 2009. He does not state, however, that Philips does not retain Plan funds or that there is no Plan Administrator. Although Dippel claims Philips is on the verge of bankruptcy, he has not shown in what manner such a proceeding would deplete assets of the Plan. See, *e.g.*, In re B.B. Walker Co., 2002 WL 31770849 **4 (M.D.N.C. 2002) (ERISA plan assets generally cannot be considered property of the

13

bankruptcy estate).  Dippel's primary reason for opposing remand is a conclusory allegation that the administrator previously acted in bad faith and thus will do so again, making remand futile.  At the same time, Dippel claims that discovery is necessary so that he can prove that he was discharged as a pretext for avoiding severance pay.  This is an issue which should be submitted to a "full and fair review" by the administrator.  Krauss v. Oxford Health Plans, Inc., 517 F.3d 614, 630 (2nd Cir. 2008) (when the relevant missing information has been finally disclosed, remand may be futile); Lafleur v. Louisiana Health Service and Indem. Co., 563 F.3d 148, 158 n.22 (5th Cir. 2009) (procedural failure prevents claimant from adequately developing administrative record and presenting his evidence; administrator should not be allowed to hinder development of the administrative record and then avoid remand by futility exception).

It is a "rare case[ ] where a remand to the plan administrator would serve no purpose."  Duperry v. Life Ins. Co. of North America, ___ F.3d ___, 2011 WL 199087 (4th Cir. 2011) (noting that where plan denied disability benefits under the own-occupation standard, the result would not change under the any-occupation standard).  The conclusory allegations made by Dippel do not meet the "clear and positive" showing of futility required by the Fourth Circuit. Id.; Makar v. Health Care Corp. of Mid-Atlantic (Carefirst), 872

14

F.2d 80, 83 (4th Cir. 1989). "A plaintiff must plead more than 'bare allegations' of futility; the allegations must clearly show that he was, or would have been denied access to the claims procedures provided for in the benefits plan." Bonham v. Jefferson Pilot Financial Ins. Co., 2010 WL 1405448 **2 (W.D.N.C. 2010), *citing* Isaacs v. Metro. Life Ins. Co., 281 Fed.Appx. 420, 244 n.6 (4th Cir. 2008). Dippel alleges, without further explanation, that a meaningful review is unavailable to him because Philips has ceased operations. He has not alleged that there is no plan administrator to conduct the review[3] or that funds available for plan use have been depleted.[4] "The futility exception ... is quite restricted, and has been applied only when resort to administrative remedies is 'clearly useless.'" Corrias v. UnumProvident Corp., 472 F.Supp.2d 685, 688 (M.D.N.C. 2007).

In essence, Dippel's argument is that because Philips failed to implement the procedural aspects of ERISA, he is entitled to an award of severance pay. To accept Dippel's position would mean that the procedural ERISA violation entitled him to the substantive relief of an award of benefits. Gagliano, 547 F.3d at 239. The Fourth Circuit has explicitly rejected this

---

[3] Dippel does allege that Mason is no longer employed by Philips, but if the company is not operating, then it mostly likely has no employees. Dippel did not allege that Mason is no longer the plan administrator or that Philips has no such administrator.

[4] Indeed, if such were the case, this action itself would be futile.

15

position.

> Even though [Philips] failed to provide [Dippel] with the proper appeals [notice] required by ERISA[,] that procedural violation cannot afford [Dippel] a substantive remedy if [he] has no entitlement to benefits under the terms of the Plan. In cases where there is a procedural ERISA violation, we have recognized the appropriate remedy is to remand the matter to the plan administrator so that a "full and fair review" can be accomplished. "Normally, where the plan administrator has failed to comply with ERISA's procedural guidelines and the plaintiff/participant has preserved his objection to the plan administrator's noncompliance, the proper course of action for the court is remand[.] The only exception to that rule would be where the record establishes that the plan administrator's denial of the claim was an abuse of discretion as a matter of law[,] ... [as for example,] where the [administrator] "produced no evidence that it even remotely considered any specific reasons in denying the claim."

Gagliano, 547 F.3d at 240.

Such is not the case here. Philips denied Dippel's disputed claim for severance benefits on the basis that he was terminated for cause and thus did not qualify for such benefits. There is no substantive benefit which may be reinstated by this Court on review. Id., at 240-41.

> There is no legal basis to order the payment of benefits as a penalty for violations of the procedural requirements of ERISA. ... The flaw in holding otherwise is that a plaintiff is *more* than made whole-and indeed receives a windfall-if after proper procedures it is determined that the plaintiff was not entitled to the benefits that the administrator [denied] with flawed procedures.

Id., at 241; *accord*, Brown v. J.B. Hunt Transport Services, Inc., 586 F.3d 1079, 1085 (8th Cir. 2009) ("The appropriate remedy for Prudential's violation

16

of §1133(2) is not an award of benefits from this court" but a remand); Lafleur, 563 F.3d at 157; Wertheim v. Hartford Life Ins. Co., 268 F.Supp.2d 643, 660-65 (E.D.Va. 2003).

In summary, the Court will remand this matter to the Plan Administrator for further proceedings not inconsistent with this decision. Specifically, the Plan Administrator, at a minimum, shall provide notice to Dippel of his appeal rights. In the event that Dippel avails himself of those rights, then Philips' motion for summary judgment may be subject to renewal at some later time. The Court retains jurisdiction over this matter so that further judicial review, if necessary, may be accomplished within the context of this action. See, *e.g.*, Giraldo v. Building Service 32B-J Pension Fund, 502 F.3d 200 (2nd Cir. 2007); 29 U.S.C. §§1332 & 1333. Thus, to the extent the parties seek an award of attorney's fees, that request may be made on motion at the appropriate time.

### THE CLAIM PURSUANT TO 29 U.S.C. §1140

29 U.S.C. §1140 provides that it is unlawful to discharge a plan participant for the purpose of interfering with the attainment of a plan benefit. "To establish a *prima facie* case of discrimination under ERISA, a plaintiff must establish that his employer [discharged him] ... to prevent attainment of benefits to which he would have become entitled under an employee benefit plan." Roberts v. Unitrin Specialty Lines Ins. Co., 2010 WL 5186773 (5th Cir.

17

2010) (citation omitted); Henson v. Liggett Group, Inc., 61 F.3d 270 (4th Cir. 1995). On remand, if Dippel undertakes to appeal, the Plan Administrator will consider whether severance benefits should be paid to him. If those benefits are awarded, it would render moot this cause of action. As a result, the Court finds that this cause of action should be held in abeyance pending the conclusion of the remand proceedings.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Partial Summary Judgment [Doc. 26] is hereby **DENIED** without prejudice to renewal.

**IT IS, FURTHER ORDERED** that the Defendants' Cross Motion for Summary Judgment [Doc. 29] is hereby **DENIED** without prejudice to renewal.

**IT IS FURTHER ORDERED** that this matter is hereby **REMANDED** to the Defendants' Plan Administrator for further proceedings consistent with this opinion.

The Clerk of Court is instructed to administratively close this case during remand.

Signed: March 28, 2011

Martin Reidinger
United States District Judge